**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Steven Lee Morgan, Appellant.

Appellate Case No. 2013-000895

———————

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-492
Submitted August 1, 2015 – Filed October 21, 2015

———————

**AFFIRMED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Steven Lee Morgan appeals his convictions for first-degree burglary, first-degree criminal sexual conduct, kidnapping, attempted murder, and

possession of a knife during the commission of a violent crime. Morgan argues the trial court erred in (1) allowing an analyst who reviewed a non-testifying analyst's data to offer an expert opinion about DNA test results because it violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution and (2) failing to charge the jury with a limiting instruction about expert testimony. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the Confrontation Clause issue: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review.").

2. As to the jury instruction issue: Rule 20(a), SCRCrimP ("All requests for legal instructions to the jury shall be submitted at the close of the evidence, or at such earlier time as the trial [court] shall reasonably direct."); Rule 20(b), SCRCrimP ("Notwithstanding any request for legal instructions, the parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. Any objection shall state distinctly the matter objected to and the grounds for objection. Failure to object in accordance with this rule shall constitute a waiver of objection."); *State v. Brown*, 402 S.C. 119, 125, 740 S.E.2d 493, 496 (2013) (finding the appellant's jury instruction argument unpreserved because he explicitly stated he had no objection to the trial court's instruction).

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.